UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ELAINE HARVEY, ET AL. | CIVIL ACTION NO. 05-0561 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TOYOTA MATERIAL HANDLING, USA, INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

## ORDER

Before the Court is a Motion in Limine filed by the defendants (Record Document 53) seeking to exclude the introduction of the plaintiffs' discovery requests and the defendants' responses thereto. The plaintiffs oppose the motion. See Record Document 61.

The defendants argue that the discovery requests and responses are irrelevant under Rule 401 and are prejudicial under Rule 403. The defendants base this argument on the fact that the plaintiffs provide little specificity as to the particular interrogatory or request for production they wish to introduce. Further, the defendants note the distinction between discoverable information and admissible evidence. See Rule 26(b)(1) (stating that "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."); Railroad Management Co., L.L.C. v. CFS La. Midstream Co., 428 F.3d 214, 221 (5th Cir. 2005) (reasoning that "not all discoverable material is admissible."). The defendants anticipate that the plaintiffs will argue that the discovery responses were not accurate and will attempt to paint them as "liars" in the presence of the jury regarding knowledge of prior forklift accidents. See Record Document 53 at 3-7. Yet, the defendants note that the plaintiffs made no attempt under Rule 37 to resolve any potential discovery disputes in good faith.

See id. at 7.

In their opposition, the plaintiffs state that they seek to introduce Interrogatory No. 9 and Request for Production No. 5 to establish prior notice and for impeachment purposes. Interrogatory No. 9 requested information relating to complaints, lawsuits, or claims relating to design defects for Toyota forklift model number 7FGCU25 and for "similar" makes and models. Request for Production No. 5 requested a copy of accident history files or reports of accidents involving the Toyota forklift model number 7FGCU25 and for "similar" makes and models. The defendants objected to both discovery requests, then stated they were unaware of information that was responsive to the discovery requests. The plaintiffs claim that Toyota had prior knowledge of information responsive to the aforementioned discovery requests, but answered the discovery requests in the negative. See Record Document 61 at 3. Simply put, the plaintiffs want this alleged fact made known to the jury. See id.

Based on the record submitted, the Court finds that the aforementioned discovery requests and responses may be appropriate impeachment evidence and may be admissible as such. However, in light of this Court's ruling on the admissibility of "substantially similar" prior accidents, the discovery requests and responses are not independently admissible.

Accordingly,

**IT IS ORDERED** that the Motion in Limine (Record Document 53) is **GRANTED** to the extent that the discovery requests and responses are not independently admissible;

rather, the discovery requests and responses are admissible for impeachment purposes only.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 10th day of May, 2007.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE